**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:11-cv-00246-JLK**

**THE WILDERNESS SOCIETY**,
**QUIET USE COALITION**,
**WILDLANDS CPR**,
**CENTER FOR NATIVE ECOYSTEMS**, and
**GREAT OLD BROADS FOR WILDERNESS**
    Plaintiffs,

v.

**U.S. FOREST SERVICE,** a federal agency within the U.S. Department of Agriculture; and
**JERRI MARR**, in her official capacity as Forest Supervisor for the Pike and San Isabel National Forests,
    Defendants,

    and

**COLORADO OFF HIGHWAY VEHICLE COALITION**,
**TRAILS PRESERVATION ALLIANCE**, and
**THE BLUERIBBON COALITION**,
    Proposed Defendant Intervenors.

---

**ORDER**

---

This matter is currently before me on Proposed Defendant Intervenors' Motion to Intervene (doc. 19).  Neither Plaintiffs nor Defendants takes any position regarding this motion.

After considering carefully the Proposed Defendant Intervenors' brief in support of intervention, and applying the legal standards set forth by the Tenth Circuit in *San Juan County, Utah v. United States*, 503 F.3d 1163, 1188 (10th Cir. 2007)(en banc), I am persuaded to GRANT the motion.  The clerk shall enter the answer attached as Exhibit 1 to its Motion to Intervene.

Defendant Intervenors' participation is not, however, without limitation. Defendant Intervenors participation will be limited in this appeal in the interest of the efficient conduct of the proceedings. Rule 24(a)(2)'s "reference to practical consideration in determining whether an applicant can intervene implies that those same considerations can justify limitations on the scope of intervention." *San Juan County*, 503 F.3d at 1189. "[I]ntervention of right under the amended rule may be subject to appropriate considerations or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Id.* (quoting Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment).

Accordingly, counsel for Defendants and counsel for Defendant Intervenors must confer before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion. Defendant Intervenors may file separate motions, responsive filings, or briefs only to raise arguments or issues Defendants decline to raise in their filings. Any separate filings must include a Certificate of Compliance with the condition requiring Defendant Intervenor sto confer with counsel for Defendant before filing, and a statement that the issues raised are not adequately covered by Defendant's position.

Furthermore, Defendant Intervenors shall comply with the deadlines set forth in the Joint Case Management Plan (doc. 23) submitted by the parties and approved by the court.

Dated: May 13, 2011.                               BY THE COURT:

                                                   **/s/ John L. Kane**
                                                   Senior U.S. District Judge