**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:11-cv-00246-AP**

**THE WILDERNESS SOCIETY**,
**QUIET USE COALITION**,
**WILDLANDS CPR**,
**CENTER FOR NATIVE ECOYSTEMS**, and
**GREAT OLD BROADS FOR WILDERNESS**
        Plaintiffs,

v.

**U.S. FOREST SERVICE,** a federal agency within the U.S. Department of Agriculture, and
**JERRI MARR**, in her official capacity as Forest Supervisor for the Pike and San Isabel
National Forests,
        Defendants,

    and

**COLORADO OFF HIGHWAY VEHICLE COALITION**,
**TRAILS PRESERVATION ALLIANCE**, and
**THE BLUERIBBON COALITION**,
        Defendant Intervenors.

---

**ORDER**

---

Kane.  J.

      This matter is currently before me on Plaintiffs' Motion to Strike Documents from the

Administrative Record (doc.  39).  Based on the forthcoming discussion, this motion is

GRANTED.  The challenged documents shall be stricken from the administrative record.

BACKGROUND

      On January 31, 2011, Plaintiffs filed their complaint challenging the Forest Service's

adoption and publication of Motor Vehicle Use Maps for six ranger districts within the Pike and

San Isabel National Forests starting in 2007 and continuing through 2010.  *See* Complaint for

Declaratory and Injunctive Relief and Petition for Review of Agency Action (doc. 1) at 2.

Plaintiffs allege that, by publishing these maps, the Forest Service designated hundreds of miles

of routes within the forests as open to public motorized vehicles without the environmental

analyses required by federal statutes, Forest Service regulations, and a Presidential Executive

Order.[1]  Plaintiffs filed suit pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702, 704

("APA"), which allows persons and organizations to challenge final agency actions in federal

courts.

Following a court-approved case management plan, the Forest Service prepared and

submitted the administrative record for its Pike and San Isabel Motor Vehicle Use Map decision

on September 6, 2011 (doc. 32).  The parties then engaged in extensive negotiations regarding

the content of the administrative record, and were able to resolve the majority of their concerns

(docs. 40-1, 40-2).

One issue, however, remains unresolved, and is the subject of Plaintiffs' Motion to Strike

Documents from the Administrative Record (doc. 39).  In their Motion to Strike, Plaintiffs seek

to strike five charts and five affidavits from the administrative record.[2]  These charts and

---

[1]Specifically, Plaintiffs cite Presidential Executive Order 11644 aiming to minimize off-road vehicle impacts, the Forest Service's 2005 Travel Management Regulations, 36 C.F.R. Part 212, establishing a national framework governing the designation of roads, trails, and areas for motor vehicle use on Forest Service lands, and three federal environmental statutes: the National Environmental Policy Act, 42 U.S.C. § 4332(2)(C); the Endangered Species Act, 16 U.S.C. § 1536(a)(2); and the National Forest Management Act, 16 U.S.C. § 1600 et seq.

[2]  The challenged documents are: the Leadville Ranger District MVUM Table (T17020-T17021), the Pikes Peak District MVUM Table (T17619-T17626), the Salida MVUM Table (T17903-T17907), the San Carlos MVUM Table (T18518-T18535), the South Park MVUM Table (T18826), the Declaration of Rick Ellsworth (T17627-T17628), the Declaration of Frank M.  Landis (T17629-T17630), the Declaration of Charles E.  Medina (T17908-T17909), the Declaration of Carl Robert Bauer (T18536-T18537), and the Declaration of Raymond Michael Hegler (T18538-T18539).

affidavits represent or contain testimony regarding the historic existence of motorized vehicle routes within the Pike and San Isabel National Forests.  Both parties acknowledge that these documents were created in 2011 – after Defendants made the challenged decisions and after Plaintiffs filed their complaint in this matter.  Plaintiffs maintain that these documents constitute post hoc rationalizations that should be struck from the record; Defendants argue that the documents in question represent oral testimony that was considered by the Forest Service when it adopted and published the maps in question.[3]

DISCUSSION

It is well-established that when an agency follows its established procedures, its official acts are entitled to a presumption of regularity.  *Wilson v. Hodel*, 758 F.2d 1369, 1372 (10th Cir. 1985).  This presumption ordinarily applies to an agency's designation of an administrative record, *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993); however, if the agency's designation of the record deviates from its established procedure the presumption does not apply.  *Wilson*, 758 F.2d at 1372.  It is therefore necessary to first determine whether the agency's inclusion of these post hoc documents complies with its established procedures.  If so, Plaintiffs must establish "clear evidence" rebutting the presumption.  *Id.*

The parties' briefs assume without argument that the agency has acted in accordance with

---

[3] In their Opposition to Plaintiffs' Motion to Strike (doc. 41), Defendants also argue that the challenged documents may be included in the administrative record under an exception that allows a court to include explanations of actions when the record is otherwise insufficient.  *See Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 143 (1973).  To the extent Defendants' argument constitutes a motion to supplement the record, it is improperly filed in a responsive pleading.  D.C.COLO.LCivR 7.1(C).  If Defendants wish to supplement the record with the challenged documents, they should file a motion to that end.

its standard procedures in compiling the administrative record in this case.  Absent any evidence or argument to the contrary, I adopt this assumption.  Accordingly, Defendants' designation of the record is presumed to be regular, and Plaintiffs bear the burden of rebutting the presumption with clear evidence of irregularity.  In order to determine whether Plaintiffs have met their burden, it is necessary to determine what constitutes clear evidence of irregularity in this context.

As the parties argue and previous decisions suggest, specificity is the touchstone for determining whether a party has established clear evidence of irregularity.  This guiding principle, although helpful, begs the ultimate question: about what facts must a party be specific?  Plaintiffs suggest the standard applied in assessing motions to complete an administrative record should also apply when assessing motions to strike portions of an administrative record.  Thus, a party seeking to strike portions of an administrative record would be required  to develop three facts: (1) when the documents were presented to the agency; (2) to whom they were presented; and (3) the context under which the documents were presented. *WildEarth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1254 (D. Colo. 2010).

Applying these standards, Plaintiffs conclude they have met their burden and overcome the presumption of regularity.  Specifically, they argue that because these documents were created in 2011, nearly two years after the date of the challenged decision, they could not have been considered by Defendants in reaching the challenged decision.  According to Plaintiffs, this fact constitutes a sufficient basis for finding Defendants' designation of the administrative record irregular.

Although Defendants do not specifically address the standard that should be applied in these cases, they implicitly adopt Plaintiffs' proposed standard in arguing for the inlcusion of

4

these documents in the administrative record.   Defendants do not dispute that the documents themselves were not considered during the decisionmaking process.   Instead, they argue that the information contained in the documents was considered.   Specifically, the government cites an affidavit from a decisionmaker stating that the challenged documents contain evidence of oral conversations that were considered during the decisionmaking process.   Defendants argue that this affidavit, coupled with the presumption of regularity, defeats Plaintiffs' argument.

These arguments reflect a host of competing concerns.   On the one hand, conversations often shape decisions that agencies ultimately make, and those conversations are not always documented in detail.   Further, it may be unfair to require a detailed level of documentation in light of the presumption of regularity owed the agency's designation of the record.

On the other hand, allowing the Forest Service to include testimony concerning undocumented conversations in the administrative record presents its own dangers.   Most importantly, it may provide a means of including in the record post hoc rationalizations for challenged decisions that were not, in reality, considered by the Forest Service when it adopted and published the maps.   This would not only make it nearly impossible for outside parties to meaningfully challenge final agency action under the APA, it would allow the agency to impermissibly expand the scope of the administrative record beyond the documents and materials "that [were] before the [decisionmaker] at the time he made his decision." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971).

These concerns reveal the tension between two competing mandates:   (1) Defendants' designation of the record is entitled to a presumption of regularity; but (2) the record of decision may only include documents and materials considered by a decisionmaker in the decisionmaking

5

process.  Indeed, these competing mandates underly the parties' arguments.  Focusing on the

presumption of regularity, Defendants argue that a showing that a document was created after the

agency reached its final decision does not suffice to rebut testimonial evidence that the

information contained in the post-decisional document was actually considered in the

decisionmaking process.  Focusing on the limitations on the scope of an administrative record,

Plaintiffs' propose what amounts to a *per se* rule: any document that post-dates the challenged

decision should be excluded from the administrative record.

   Both approaches have merit, but neither adequately balances these competing mandates.

An affidavit prepared in the course of litigation cannot justify the inclusion in the record of post

hoc rationalizations.  Nor can a showing that a document post-dates the challenged decision,

standing alone, constitute "clear evidence" of irregularity.  If, however, a party establishes that a

post hoc document included in the record contains information or testimony plausibly relating to

the rationale underlying the challenged decision, the presumption of regularity is overcome and

the burden shifts to the government to justify the inclusion of the challenged documents in the

administrative record.

   This framework is consistent with existing procedures for completing and supplementing

the record.  An agency may introduce post hoc documents containing information actually

considered in the decisionmaking process or explanations and summaries into an administrative

record via motions to complete or supplement the record.[4]  Application of this burden-shifting

framework resolves the conflict between the presumption of regularity and the limitations on the

---

[4] For a more thorough discussion of record completion and supplementation, see
*WildEarth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243 (D. Colo. 2010).

6

scope of the administrative record.  Once a party rebuts the presumption of regularity, the agency

bears the burden of proving the document should be included in the administrative record via

completion or supplementation.

Applying this standard to Plaintiff's Motion to Strike, neither party contests that the

challenged documents and affidavits were created after the challenged decisions were finalized.

Standing alone, this does not rebut the presumption of regularity owed Defendants' designation

of the administrative record.  Plaintiffs must establish that the challenged documents contain

information plausibly relating to Defendants' rationale in reaching the challenged decisions.

Plaintiffs seek to strike ten documents: five affidavits and five charts.  The five tables

describe motor vehicle use routes in the Leadville, Pikes Peak, Salida, San Carlos, and South

Park Ranger Districts of the Pike and San Isabel National Forests.  The tables also contain

signatures verifying that many of the routes have been in public use, managed, maintained, and

signed for over fifteen years.  The five affidavits contain testimony from Forest Service

employees detailing their personal knowledge of the historical designation of specified routes in

the Pikes Peak, Salida, and San Carlos Ranger Districts.  This information directly relates to

Defendants' rationale in adopting the challenged Motor Vehicle Use Maps.

Because the challenged documents post-date the challenged decisions and contain

information or testimony plausibly relating to the rationale underlying Defendants' adoption of

the challenged Motor Vehicle Use Maps, Plaintiffs have rebutted the presumption of regularity

and the government bears the burden of establishing that these documents are properly included

in the administrative record.  To be clear, however, I have not conclusively determined that these

documents constitute impermissible post hoc rationalizations.  I only find that Plaintiffs have

7

produced clear evidence rebutting the presumption of regularity.  Defendants are free to file

motions to include these documents in the administrative record via either completion and/or

supplementation.

CONCLUSION

Because Plaintiffs have adduced clear evidence that Defendants designation of the

administrative record was irregular, their Motion to Strike Documents from the Administrative

Record (doc.  39) is GRANTED.  Defendants may seek inclusion of the challenged documents

via completion or supplementation, but any motion to that end must be filed no later than April

13, 2012.


Dated: March 30, 2012                                          BY THE COURT:

                                                               **/s/ John L. Kane**
                                                               Senior U.S. District Court Judge